Totten, J.,
delivered the opinion of tbe Court.
*109 This action in ejectment, was tried in the Circuit Court of Sevier, at July Term, 1850. The verdict and judgment were for defendants, and the plaintiff’s motion for a new trial having been overruled, he appeals in error to this court.
The principal question relates to the validity of a Sheriff’s deed to the plaintiff’s lessor, for the land in question, the deed being founded on proceedings in attachment. The suit, in attachment, was instituted before a Justice of the Peace, on the 7th December, 1843. The land having been levied in virtue of the attachment, there was judgment against the defendant in that suit; and the execution issued thereon, was levied on the same land. The entire proceeding was then recorded in the Circuit Court, and an order of sale made, in conformity to the act of 1840, ch. 161. The deed in question was executed in pursuance of a sale, made in virtue of this order.
It appears from the record of these proceedings, that the affidavit was defective in not stating the cause for which the attachment issued, whilst the attachment is good in point of form and assumes in effect, that a perfect affidavit was made.
It is now insisted by counsel, that the writ of attachment shall be conclusive as to the material facts it assumes, and that it can neither be aided or impaired by reference to the affidavit required in such cases; that the affidavit is not required to be recorded with the other proceedings in the Circuit Court, and that therefore, we can take no judicial notice of it.
It will be observed, however, by reference to the act just referred to, that it is required, that the affidavit be made part of such record. We think it a reasonable and proper rule, that the validity of this description of judicial sales, shall be tested by the record of the Circuit Court, made in pursuance of the statute. It was intended by the statute, that such record should be the proper and permanent memorial of the validity of the sale.
*110 The affidavit forms a material part of the record, and we think, we are not precluded by the writ of attachment, from taking judicial notice of it. On the contrary it forms the basis of the suit, and no attachment could lawfully issue, without a proper affidavit.
In view of the statute law, in force at the date of this proceeding, the attachment would be strictly construed, as being In derogation of the common law or the right of the party to be summoned to make defence before any judgment could be rendered against him. It is therefore, a settled rule, in a series of cases, that any material departure from the requirements of these statutes, will vitiate the proceeding and render it utterly void. In such case, the judgment and sale are void, and communicate no little to the purchaser. See Act 1794, ch. 1, Earthman vs. Jones, 2 Yerger Rep. 484, Mc-Culloch vs. Foster, 4 Yerger Rep. 162, Conrad vs. McGhee, 9 Yerger Rep. 428, McReynolds vs. Neal, & Hum. Rep. 12.
It was intended by the attachment under the act of 1794, to compel the appearance of the defendant, and it was regarded, like the capias ad respondendum, as the leading process in the cause. The defendant was permitted, upon giving special bail, as upon a service of the capias, to replevy the property attached and make defence to the action. Upon his failure, however, to do so, the proceeding if in strict conformity to the statute, was held sufficient to authorize a valid judgment and execution.
But we apprehend, that in view of the abolition of the capias and of imprisonment for debt, and the enlarged and liberal provisions contained in more recent statutes on the subject of attachments, a more favorable and liberal construction of these laws should be adopted. The original attachment under these statutes must be considered not only as a substitute for the summons, but as a means by which, in the cases specified, the creditor may be *111 protected against the fraudulent conduct of the debtor.
This policy is very evident, in the act of 1848, ch. 29, (passed 8th December,) extending the remedy by attachment, and making important and material changes in the law on this subject in favor of the remedy.
But this doctrine, to which we have here merely alluded, in general terms, was fully stated and discussed by Green, J., delivering the opinion of the Court at Jackson, last Term in the case, Boyd vs. Buckingham 434, 10 Hum. which opinion we have not at present before us. In the case of McReynolds vs. Need, 8 Hum. Rep. 12, no affidavit had been made, and on motion of defendant to quash in the Circuit Court, the plaintiff offered to amend, that is to supply this defect by making and filing a proper affidavit, and it was held not to be error to refuse it. We do not say there was error in this judgment, because in point of fact there was nothing to amend, the motion was to make and file the affidavit de novo. But if the motion to amend had been of a defective affidavit, we should have held it proper in the Circuit Court to permit the amendment, and the proceeding would not be vitiated by reason of the defect, provided a proper amendment were made by order of the Court.
This does not, however, change the character of the present case; the affidavit was materially defective and was not amended. The consequence is, that the judgment and execution on the attachment were void, and the sale communicated no title to the purchaser.
2. There is proof tending to show, that William Tunis, the debtor applied to the creditor to purchase the land at the sale and give the debtor farther time to redeem it, to which the creditor agreed and accordingly purchased the land. The debtor died, and it does not appear that any offer was ever made by him in his life time or by his heirs since his death, to redeem the land. It is now insisted that the defendants, who *112 came in originally under the debtor, are estopped, by reason of this state of facts, from making any objection to the plaintiffs title. We concur with bis Honor, the Circuit Court Judge, that any question which may be raised upon these facts, is exclusively of equitable cognisance, and that they do not form any legal estoppel upon the defendants to dispute the plaintiffs title in the action of ejectment. The estoppel in such case should appear by record or by deed, and we have seen that there is not any valid record or valid deed. It is not pretended, that any relation of tenancy was created by the agreement of the parties.
In the view we have taken of the case, it is not deemed material to notice any other question.
Let the judgment be affirmed.